LAW OFFICES OF JOSEPH A. CHANG, LLC
951 Madison Avenue
Paterson, New Jersey 07501
(973) 925-2525
Attorney for Plaintiff
Joseph A. Chang, ID#034302002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NECTALIER GONZALEZ, III and
STEPHANIE GONZALEZ,

            Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE,

            Defendants.
_____/

Civil Action No.:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

## I. LEGAL ANALYSIS

The Federal Rules of Civil Procedure provide a liberal policy for amending pleadings. *Cruz v. City of Camden*, 898 F. Supp. 1100, 1105 (D.N.J. 1995). Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs request for leave to file a proposed pleading is "committed to the sound discretion of the Court." *See Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas et al. v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Fed. R. Civ. P. 15(a)(2) This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). Courts construe Rule 15(d) to require a similarly liberal approach.

*Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 360 (D.N.J. 2000).  Rule 15(d) serves judicial economy, avoids multiplicity of litigation, and promotes "as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1118, 1134 (D.N.J. 1991). Supplementation may be permitted even though the original pleading is defective in stating a claim or defense. Fed. R. Civ. P. 15(d). Here, Plaintiffs' amended pleading would not be futile to Defendant because (1) it would cure the deficiencies Defendants mention in its motion; (2) it specifically references Defendant's failure of properly reviewing *loss mitigation* documents; and (3) Defendant's violations of federal as described in the proposed amended complaint more detailed clearly entitle Plaintiffs to relief. Plaintiffs claims are specifically limited in time and scope of this loan to the pre foreclosure (2015) and post foreclosure (2017) loss mitigation violations and referencing the foreclosure action when Defendant is a nationwide residential mortgage loan servicer is not a small issue for New jersey homeowners such as Plaintiff. Futility is not at issue and the Court is to assume the allegations of the complaint are true and to draw all reasonable inferences in favor of the pleader. Unfortunately, due to oversight and other issues mentioned in counsel's certification, Plaintiffs failed to file an opposition to Defendant's Motion to dismiss. [**See Cert of Joe Chang ¶ 6].**

Further, Plaintiffs have spent various years fighting and expending substantial resources attempting to have Defendant act in good faith with their property. Plaintiffs' requests for loss mitigation did not begin in September 2017 when another loan modification application was submitted with help of counsel. In fact, before the foreclosure action was commenced, Plaintiff a sent Defendant a complete loan modification package in October 2015, which was the initial improperly managed application in bad faith by Defendant. **[*See* Bender Cert. Ex. F]**; [See Cert

**of Joe Chang ¶ 6].** Plaintiffs do not attempt to delay any matter with Defendant since settlement between the parties has also not been conducted in good faith. Finally, despite the absence of a valid explanation for the delay, delay alone does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, a court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002; see also *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted).

## II. CONCLUSON

For all of the reasons stated herein, Plaintiffs respectfully requests that the Court grant its Motion to Amend the Complaint and reopen the case as to avoid an order dismissing the Plaintiffs complaint with prejudice.

### DEMAND FOR TRIAL BY JURY

Borrower demands trial by jury on all claims so triable.

                                               **THE LAW OFFICES OF JOSEPH CHANG, L.L.C.**
                                               *Attorneys for Plaintiffs*

Dated: November 28, 2018                BY: ***/s/ Joseph A. Chang***
                                                       Joseph A. Chang