IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NECTALIER GONZALEZ, III and STEPHANIE GONZALEZ, | Civil Action No.: 3:18-cv-11405-BRM-DEA |

                            Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE,

                            Defendants.

_____/

## AMENDED COMPLAINT

Plaintiffs, NECTALIER GONZALEZ, III and STEPHANIE GONZALEZ ("Borrowers") residing at, 68 Claudia Lane Stafford, New Jersey 08050 alleges as follows:

## INTRODUCTION

This is a civil action brought by Plaintiffs due to the unsuccessful attempts at obtaining meaningful loss mitigation in good faith of their completely submitted loan modification package to Defendant, WELLS FARGO HOME MORTGAGE, also known as "Servicer." The Bureau of Consumer Financial Protection (the Bureau) created Regulation X, which implements the Real Estate Settlement Procedures Act of 1974 (RESPA) and the official interpretation of the regulation. The proposed amendments implement the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act) provisions regarding mortgage loan servicing. Regulation X to addresses seven servicer obligations: To correct errors asserted by mortgage loan borrowers; to provide information requested by mortgage loan borrowers; to ensure that a reasonable basis exists to obtain force-placed insurance; to establish reasonable information management policies and procedures; to provide information about mortgage loss mitigation options to delinquent borrowers; to provide delinquent borrowers access to servicer personnel

with continuity of contact about the borrower's mortgage loan account; and to evaluate borrowers' applications for available loss mitigation options.

## PARTIES

NECTALIER GONZALEZ, III and STEPHANIE GONZALEZ are owners of the property located at 68 Claudia Lane, Stafford, New Jersey 08050, which is the subject property of an impending foreclosure action in the New Jersey Superior Court (Docket No. F-011103-16). Plaintiff is also referred to as "Borrower," whereas Borrower invokes the protection of the consumer protection laws and under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et. seq. ("RESPA"); Regulation X, 12 C.F.R. part 1024 ("Regulation X").

Defendant, WELLS FARGO HOME MORTGAGE, is a licensed mortgage servicing company that services home mortgage loans secured by residential properties. It is a Delaware Limited Liability Company with its principal place of business located at 1209 Orange Street New Castle, DE 19801 and conducts business through the United States and the state of New Jersey. As a mortgage servicer, it is subject to specific federal laws and administrative regulations governing its mortgage serving activities. These laws and regulations include, but are not limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et. seq. (hereinafter RESPA) and Regulation X, 12 C.F.R part 1024, hereinafter "Regulation X."

## JURISDICTION AND VENUE

1.  This Court has personal jurisdiction over Defendant because Defendant, itself or through its agents and subsidiaries, transacted business in this District, and because Defendant, itself or through its agents and subsidiaries, has committed the acts proscribed by the Complaint.

2.  This Court has subject-matter jurisdiction over this action because it is brought under Federal consumer financial law, 12 U.S.C. § 5565(a)(1) and presents a federal question, 28

U.S.C. § 1331.

3.   This Court also has jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA) and the Truth in Lending Act, 15 U.S.C. §§1601, *et seq*. (TILA).

4.   This action is specifically filed to enforce regulations promulgated by the Consumer Finance Protection Bureau that became effective on January 10, 2014, specifically, 12 C.F.R. §1024.41 of Regulation X

5.   Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants do business in this district and part of the events giving rise to the claims took place in this district.

## INTRODUCTION

6.   In January 2013, the Consumer Financial Protection Bureau (CFPB) issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

7.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 F.R. 10901 (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

8.   The Loan in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. §1024.2(b).

9.   Defendants are subject to the aforesaid Regulations and do not qualify for the exception for "small servicers" as such term is defined in 12 C.F.R. §1026.41(e)(4), nor the exemption for a "qualified lender" as such term is defined in 12 C.F.R. §617.700.

10. Plaintiffs are asserting a claim for relief against Defendants for breach of the specific rules under Regulation X as set forth below.

11. Plaintiffs have a private right of action under RESPA pursuant to 12 U.S.C. §2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## GENERAL FACTUAL ALLEGATIONS

12. This matter relates to the loan servicing violations by Defendants during the course of active loss mitigation with Plaintiffs, whereas Plaintiffs submitted a complete loan modification application and various requests to Defendants that were blatantly ignored or responded to in bad faith.

13. Plaintiffs first purchased their two story family residence on September 26, 2003.

14. Plaintiffs encountered temporary financial difficulties in 2015 and began communications as well as submitted documents to procure a mortgage loan modification from Defendant.

15. Plaintiffs submitted documents for loss mitigation to Defendants on and before October 2015. However, Defendant blatantly misrepresent that Plaintiffs failed to respond to them and instead aggressively delayed review of Plaintiffs submission.

16. On September 15, 2017, and through delay by Defendant, Plaintiff, through counsel this time submitted a complete loan modification application to Defendant.

17. On September 19, 2017, Defendant issued a boilerplate response to Plaintiff stating it would not even review Plaintiff for loss mitigation at all.

18. On September 26, 2017, Plaintiff through counsel mailed, through certified service, a Notice of Error pursuant to 12 CFR 1024.35 and Request for Information. 12 CFR 1024.36.

19. On September 27, 2017, Defendant acknowledged in writing that it received Plaintiff's requests and concerns.

20. Defendant, in bad faith and in contravention to the federal regulations, refuses to review Plaintiff for loss mitigation alternatives to foreclosure.

21. Defendant instead aggressively and expeditiously moved forward in the face of an active foreclosure litigation although Defendant is prohibited from doing so, in the face of a complete package pursuant to by 12 C.F.R. § 1024.41(g).

22. Plaintiff sent to Defendant a Servicer a Plaintiffs sent a Request for Information pursuant to 12 CFR Section 1024.36 of Regulation X or Qualified Written Request/Notice of Error which placed Defendant on notice that it failed to comply with 12 C.F.R. §1024.41.

23. Defendant was required to acknowledge receipt of Plaintiffs' request information within (5) business days.  12 CFR §1024.36.

24. Defendants failed to acknowledge or respond to Plaintiffs requests and to date Defendant refuses to comply with its legal duties to properly review and qualify Plaintiff for loss mitigation alternatives after receiving a complete loan modification application.

25. In addition, Defendant's unfair and deceptive acts and practices in connection with the loan modification servicing, which includes; blatantly ignoring Plaintiffs loss mitigation application, charging of premature and unauthorized fees, violation of homeowners' rights and protections during foreclosure, use of false and deceptive tactics.

26. Defendant has engaged in a pattern of unfair and deceptive practices such as causing delay in decisions on Plaintiff's loss mitigation file, failing to correct and address pertinent errors addressed by Plaintiff/Borrower, failure to conduct loss mitigation review in good faith, and failing to properly comply with federal procedures in the face of an imminent foreclosure sale.

27. As a result, these practices are preventing Borrowers from entering into affordable mortgage payments, which results in increased foreclosures in the States.

## COUNT ONE:
## VIOLATION OF 12 C.F.R. § 1024.41(b)

28. Plaintiffs restate and incorporate herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

29. 12 C.F.R. §1024.41(b) defines a complete loss mitigation application as an application wherein servicer has received all the information that the servicer requires to evaluate applications for the loss mitigation options available to a borrower.

30. Defendant received a complete loss mitigation package from Plaintiffs with more than sufficient income to save their home.

31. 12 C.F.R. §1024.41(b) further states that a servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application.

32. Defendant also failed to inform Plaintiff if there were any documents missing in Plaintiffs loss mitigation application for months in 2015.

33. 12 C.F.R. §1024.41(g) provides that if a servicer receives a loss mitigation application 37-days or more before a foreclosure sale that the servicer must promptly review the application to determine whether the application is complete and notify the borrower *in writing* within five (5) days, excluding public holidays, Saturdays, and Sundays, whether the application is complete. The statute further provides that defendants were further prohibited from moving forward with the Sheriff's Sale on the subject property, due to defendants' receipt of a complete loss mitigation package.

34. Defendant received Plaintiffs loss mitigation in 2015 and also on September 2017.

35. 12 C.F.R. §1024.41(b)(2) further provides that if the servicer determines that the application is incomplete, then the *written* notice to the borrower must provide which additional documents are required to complete the loss mitigation application and a reasonable date by which the borrower must submit such documents.

36. Defendant failed to acknowledge and in good faith review Plaintiffs loss mitigation application for years. Defendant was required, pursuant to 12 C.F.R. §1024.41(b)(2) to review the Complete Application and provide written notice to Plaintiffs, stating that the packet was either "*complete or incomplete.*"

37. Defendants' blatant disregard of Plaintiff's loan modification application – despite counsel's receipt of the application – is an error under 12 U.S.C. §2605(e) and 12 CFR §§1024.35 and 1024.36.

38. If Defendants determined that the Application was incomplete, then written notice to Plaintiffs, as required by 12 C.F.R. §1024.41(b)(2), was needed to provide any and all additional documents required to complete the Loan Modification Application.

39. Instead, Defendant has circumvented proper loss mitigation regulations and failed to provide a reasonable date by which Plaintiffs could submit any additional documents.

40. Plaintiffs submitted their loss mitigation application in good faith to modify their loan with Defendants and Defendants failure to provide written notification and receipt to Plaintiffs is a violation of 12 C.F.R. 1024.41(b)(2).

41. Defendants' actions are a pattern and practice of behavior in conscious disregard for Plaintiffs' rights.

42. As a result of Defendants' actions, Defendants are liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT TWO

## VIOLATION OF 12 C.F.R. § 1024.35(e)

43. 12 C.F.R. §1024.35(e)(1) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

44. 12 C.F.R. §1024.35(e)(3)(i)(B) provides that, in regards for a Notice of Error submitted in regards to an error under 12 C.F.R. §1024.35(b)(9), a servicer must comply with 12 C.F.R. §1024.35(e)(1) no later than thirty (30) days, excluding legal public holidays, Saturdays, and Sundays, after the servicer's receipt of the applicable notice of error.

45. Defendants' actions in failing to properly respond to the error noticed by and through the aforementioned Notice of Error constitute a clear, distinct, and willful violation of 12 C.F.R. §1024.35(e).

46. Defendants' actions are a pattern and practice of behavior in conscious disregard for Plaintiffs' rights.

47. As a result of Defendant's actions, Defendant is liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees.

WHEREFORE, Plaintiffs demand a trial by jury, an entry of judgment in the entire amount of damages to be determined at trial, statutory damages, together with an award of

attorney's fees and litigation costs, as well as:

a) Restitution and refunds;

b) Disgorgement;

c) civil monetary penalties; and

d) Other relief for the Defendants' violations of Federal consumer financial law

## DEMAND FOR TRIAL BY JURY

Borrower demands trial by jury on all claims so triable.

THE LAW OFFICES OF JOSEPH CHANG, L.L.C.
*Attorneys for Plaintiffs*

Dated: November 28, 2018                    BY: */s/ Joseph A. Chang*
                                                 Joseph A. Chang